# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

ROBERT A. NETHERY, JR.,

JENETTE E. NETHERY,

Debtors.

_____/

Case No.: 3:10-bk-02113-JAF

Chapter 7

## NOTICE OF INTENT TO
## SELL PROPERTY AT PRIVATE SALE

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within twenty one (21) days from the date this paper is entered on the docket. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and serve a copy on Jacob A. Brown, Esq., Akerman Senterfitt, 50 North Laura Street, Suite 3100, Jacksonville, FL 32202, Gregory L. Atwater, Chapter 7 Trustee, P.O. Box 1865, Orange Park, FL 32067, and United States Trustee – JAX7, 135 W. Central Boulevard, Suite 620, Orlando, FL 32801.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Chapter 7 Trustee, Gregory L. Atwater (the "Trustee"), by and through his undersigned counsel and pursuant to 11 U.S.C § 363(b), Federal Rule of Bankruptcy Procedure 6004, and M.D. FLA. L.B.R. 2002-4 and 6004-1, hereby gives notice of his intent to sell at private sale certain property of the bankruptcy estate, and says:

1.      Assets of the bankruptcy estate include certain mineral, royalty and overriding royalty interests located in Carbon County, Montana and Park County, Wyoming (the "Interests").

2.     The Trustee intends to sell the Interests to Legacy Royalties, Ltd., a Texas limited partnership ("Legacy") for the sum of $15,100.00 (the "Purchase Price"), pursuant to the conveyance documents attached hereto as **Exhibit A**.

3.     The Purchase Price is the highest and best offer received and does not involve any commission or other fees and costs of sale.

4.     The Trustee believes that a public sale of the Interests after selling-related expenses would not result in a higher net return to the bankruptcy estate.

Dated:  October 20, 2011.

AKERMAN SENTERFITT

By: /s/ Jacob A. Brown
    Jacob A. Brown
    Florida Bar No. 0170038
    Email: jacob.brown@akerman.com
    Katherine C. Fackler
    Florida Bar No. 0068549
    Email: katherine.fackler@akerman.com
    50 North Laura Street, Suite 3100
    Jacksonville, Florida  32202
    Telephone: (904) 798-3700
    Facsimile: (904) 798-3730

Attorneys for Gregory L. Atwater, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished either by electronic notification or U.S. Mail, postage prepaid and properly addressed, this 20th day of October, 2011, to:

Robert A. Nethery
Jenette E. Nethery
3449 Sanctuary Blvd.
Jacksonville Beach, FL 32250

Jerrett M. McConnell, Esq.
Friedline & McConnell, P.A.
1756 University Blvd South
Jacksonville, FL 32216

Gregory L. Atwater
P.O. Box 1865
Orange Park, FL 32067

United States Trustee – JAX7
135 West Central Blvd Suite 620
Orlando, FL 32801

and to all parties on the attached mailing matrix.

*/s/ Jacob A. Brown*
Attorney

Label Matrix for local noticing
113A-3
Case 3:10-bk-02113-JAF
Middle District of Florida
Jacksonville
Thu Oct 20 11:14:02 EDT 2011

American Express Travel Related Services Co
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Ecast Settlement Corporation
C/O Beckett and Lee
PO Box 35480
Newark, NJ 07193-5480

Florida Dept of Labor and Security
Hartman Building, Suite 307
2012 Capital Circle, Southeast
Tallahassee, FL 32399-6583

Florida Dept of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

IRS
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Jeanette E Nethery
3449 Sanctuary Blvd.
Jacksonville Beach, FL 32250-2570

Robert A Nethery
3449 Sanctuary Blvd.
Jacksonville Beach, FL 32250-2570

American Express Bank FSB
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

Amex
PO Box 297871
Fort Lauderdale, FL 33329-7871

Bank of America
PO Box 1598
Norfolk, VA 23501-1598

Ccb NA
Pob 5010 Room 1242
Concord, CA 94524-0010

Chase Manhattan Bank
P.O. Box 15298
Wilmington, DE 19850-5298

Citibank
Pob 6241
Sioux Falls, SD 57117-6241

Discover Bank
Dfs Services LLC
PO Box 3025
New Albany, Ohio  43054-3025

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

FIA MBNA
PO Box 17054
Wilmington, DE 19850-7054

GMAC
PO Box 105677
Atlanta, GA 30348-5677

Palisades Collections
210 Sylvan Ave
Englewood Cliffs, NJ 07632-2524

Roundup Funding, LLC
MS 550
PO Box 91121
Seattle, WA 98111-9221

Stockton Real Estate
PO BOX 1069
Ponte Vedra Beach, FL 32004-1069

Target NB
PO Box 9475
Minneapolis, MN 55440-9475

eCAST Settlement Corporation assignee of FIA
Services aka Bank of America
POB 35480
Newark NJ 07193-5480

eCast Settlement Corp.
P.o. Box 35480
Newark, NJ  07193-5480

Gregory L. Atwater +
P.O. Box 1865
Orange Park, FL 32067-1865

Rodger J Friedline +
Friedline & McConnell, P.A.
1756 University Blvd South
Jacksonville, FL 32216-8929

Jerrett M. McConnell +
Friedline & McConnell, P.A.
1756 University Blvd South
Jacksonville, FL 32216-8929

United States Trustee - JAX 7 7+
135 W Central Blvd Suite 620
Orlando, FL 32801-2440

Gilbert Barnett Weisman +
Becket & Lee LLP
16 General Warren Blvd
P O Box 3001
Malvern, PA 19355-0701

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover Financial
Pob 15316
Wilmington, DE 19850

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Jerry A. Funk<br>Jacksonville | (d)American Express Travel Related Services C<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern  PA 19355-0701 | End of Label Matrix<br>Mailable recipients    28<br>Bypassed recipients     2<br>Total                   30 |

**Exhibit A**



October 3, 2011

Gregory L. Atwater, Bankruptcy Trustee for
Robert A. Nethery and Jenette E. Nethery
P. O. Box 1865
Orange Park, FL 32067

Re:     Offer To Purchase All Oil & Gas Royalties
        Robert A. Nethery, Jr. and Jenette E. Nethery
        Carbon County, Montana and Park County, Wyoming

Dear Mr. Atwater:

   Legacy Royalties, Ltd. ("Buyer") offers to purchase all of the mineral, royalty and overriding royalty interests ("Interests") owned by Robert A. Nethery, Jr. aka Robert A. Nethery ("Seller") for $15,100. This offer is contingent on the following terms:

1. Buyer will prepare all conveyance documents and handle all filings and filing fees.

2. The effective date will be September 1, 2011. Should Buyer or Seller erroneously receive funds that should have been paid to the other party, then they are responsible for reimbursing the other party within 10 days of notice from said party.

3. Seller warrants that, based upon his knowledge and belief upon the information provided to date, he has good title to sell the interests, that the interests are free and clear of any liens or encumbrances including but not limited to bank liens or IRS liens.

4. Seller warrants that, based upon his knowledge and belief upon the information provided to date, the Interests are perpetual and that the Interests do not revert to a third party at a future date (i.e. life estate, term royalties).

5. Buyer has the right to modify or withdraw this offer based on further due diligence.

6. This is a Texas contract, and Buyer and Seller acknowledge that this is a binding agreement between both parties and enforceable in Smith County, Texas.

Oil & Gas Acquisitions
Estate Appraisals
Title Transfer

800-950-6954  [toll free]
903-596-9813  [local]
903-596-9814  [fax]

P.O. Box 1360
Tyler, Texas 75710-1360

info@legacyroyalties.com  [email]
www.legacyroyalties.com  [web]

Date:   September 12, 2011
To:     Robert A. Nethery, Jr.
Re:     Case No. 10-02113-3F7


If this offer is acceptable, please sign below and return this letter to us along with the items requested above. Thank you, and please call us if you have any questions.

Sincerely,

Steven D. Smith
President


TERMS AND CONDITIONS AGREED TO AND ACCEPTED

Gregory L. Atwater
Title:  Bankruptcy Trustee
Date:   10|12|2011

# MINERAL, ROYALTY AND OVERRIDING ROYALTY CONVEYANCE

THE STATE OF MONTANA          §

                                            KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF CARBON           §

    Gregory L. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery*, Case No. 3:10-bk-02113-JAF (hereinafter called "Grantor") for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, does hereby grant, bargain, sell, assign and convey unto Legacy Royalties, Ltd., a Texas Limited Partnership, P.O. Box 1360, Tyler, Texas 75710-1360 (hereinafter called "Grantee"), and Grantee's successors and assigns, forever, all of Grantor's right, title and interest, in and to ALL OF THE OIL, GAS AND OTHER MINERALS AND ALL OF THE ROYALTIES AND OVERRIDING ROYALTIES, EXCLUDING ANY AND ALL WORKING INTERESTS, in and under and that may be produced and mined, that Grantor owns in the following property, to wit:

**As per Exhibit "A" attached hereto and made a part hereof**

    By this conveyance, Grantee is also conveyed the right of ingress and egress, at all times, for the purposes of mining, drilling, exploring, operating and developing the hereinabove described lands and lands pooled therewith for oil, gas and other minerals and removing same therefrom.

    This conveyance is made subject to any and all rights now existing in favor of any Lessee or its assigns under any valid and subsisting oil and gas lease covering the hereinabove described lands now appearing of record in the county where the hereinabove described lands or any part thereof are located and to any other covenants, easements, encumbrances or any other matters of record in the county where the land is located, if any, none of which is reimposed by this reference. It is understood that the Grantee shall have, receive and enjoy the Grantor's interest in all bonus, rents, royalties, overriding royalties and other benefits which may accrue from and after the Effective Date, as if Grantee had been, at the date of making any current valid and subsisting lease, the owner of a similar interest in the hereinabove described lands.

    Grantor also authorizes and directs all persons responsible for paying and/or delivering any and all disbursements related to the hereinabove described lands subject to this conveyance to commence paying and/or delivering same to the Grantee in accordance with this conveyance. Grantor makes the conveyance without any representations or warranties.

    Grantor and Grantee agree to take all further actions and execute, acknowledge and deliver all further documents that are necessary or useful in carrying out the purposes of this Conveyance, including but not limited to all other additional instruments, notices, division orders and other documents, and to do all other and further acts and things as may be necessary to more fully and effectively grant, assign and convey the properties and interest in properties assigned to Grantee by this Conveyance.

All taxes, including but not limited to excise tax, severance tax, ad valorem tax, and any other local, state and federal tax (except income tax or assessments) attributable to the interests conveyed herein or any part thereof prior to the Effective Date shall remain Grantor's responsibility. All taxes, including but not limited to excise tax, severance tax, ad valorem tax, and any other local, state and federal tax (except income tax or assessments) attributable to the interests conveyed herein or any part thereof on and after the Effective Date, shall be Grantee's responsibility.

Every provision of this conveyance is intended to be severable. If any term or provision hereof is illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect the validity of the remainder of this conveyance. This conveyance shall be governed by and construed in accordance with the laws of the state wherein the property is located. The provisions hereof run with the herein above described land and inure to the benefit of and bind the respective successors and assigns of the parties.

TO HAVE AND TO HOLD the hereinabove described property and rights, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantee herein, and Grantee's successors, heirs, executors, administrators and assigns forever.

EXECUTED as of the _12th_ day of October, 2011, but made effective for all purposes September 1, 2011 (herein called "Effective Date").

_____
Gregory A. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery,* Case No. 3:10-bk-02113-JAF

STATE OF _Florida_

COUNTY OF _Clay_

Before me, the undersigned Notary Public in and for the State of _Florida_, on this day personally appeared Gregory L. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery,* Case No. 3:10-bk-02113-JAF, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _12th_ day of _October_, 2011.

_____
Notary Public in and for the State of _FL_
Print name: _NOVENA L. GRiLLS_
My commission expires: _May 6, 2014_



Attached to and made part of that certain Mineral, Royalty and Overriding Royalty Conveyance, State of Montana, County of Carbon, by and between Gregory L. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery,* Case No. 3:10-bk-02113-JAF ("Grantor") and Legacy Royalties, Ltd., a Texas Limited Partnership ("Grantee")and made effective September 1, 2011.

## CARBON COUNTY, MONTANA

All of Section 36, Township 58 North, Range 100 West

ALL LANDS SITUATED ALL OR IN PART IN CARBON COUNTY, MONTANA, WHETHER OR NOT DESCRIBED HEREIN.

Document prepared by:
Legacy Royalties
P.O. Box 1360
Tyler, TX 75710-1360

After recording return to:
Legacy Royalties
P.O. Box 1360
Tyler, TX 75710-1360

## MINERAL, ROYALTY AND OVERRIDING ROYALTY CONVEYANCE

THE STATE OF MONTANA       §

                                KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF CARBON       §

     Gregory L. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery*, Case No. 3:10-bk-02113-JAF (hereinafter called "Grantor") for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, does hereby grant, bargain, sell, assign and convey unto Legacy Royalties, Ltd., a Texas Limited Partnership, P.O. Box 1360, Tyler, Texas 75710-1360 (hereinafter called "Grantee"), and Grantee's successors and assigns, forever, all of Grantor's right, title and interest, in and to ALL OF THE OIL, GAS AND OTHER MINERALS AND ALL OF THE ROYALTIES AND OVERRIDING ROYALTIES, EXCLUDING ANY AND ALL WORKING INTERESTS, in and under and that may be produced and mined, that Grantor owns in the following property, to wit:

     As per Exhibit "A" attached hereto and made a part hereof

     By this conveyance, Grantee is also conveyed the right of ingress and egress, at all times, for the purposes of mining, drilling, exploring, operating and developing the hereinabove described lands and lands pooled therewith for oil, gas and other minerals and removing same therefrom.

     This conveyance is made subject to any and all rights now existing in favor of any Lessee or its assigns under any valid and subsisting oil and gas lease covering the hereinabove described lands now appearing of record in the county where the hereinabove described lands or any part thereof are located and to any other covenants, easements, encumbrances or any other matters of record in the county where the land is located, if any, none of which is reimposed by this reference. It is understood that the Grantee shall have, receive and enjoy the Grantor's interest in all bonus, rents, royalties, overriding royalties and other benefits which may accrue from and after the Effective Date, as if Grantee had been, at the date of making any current valid and subsisting lease, the owner of a similar interest in the hereinabove described lands.

     Grantor also authorizes and directs all persons responsible for paying and/or delivering any and all disbursements related to the hereinabove described lands subject to this conveyance to commence paying and/or delivering same to the Grantee in accordance with this conveyance. Grantor makes the conveyance without any representations or warranties.

     Grantor and Grantee agree to take all further actions and execute, acknowledge and deliver all further documents that are necessary or useful in carrying out the purposes of this Conveyance, including but not limited to all other additional instruments, notices, division orders and other documents, and to do all other and further acts and things as may be necessary to more fully and effectively grant, assign and convey the properties and interest in properties assigned to Grantee by this Conveyance.

All taxes, including but not limited to excise tax, severance tax, ad valorem tax, and any other local, state and federal tax (except income tax or assessments) attributable to the interests conveyed herein or any part thereof prior to the Effective Date shall remain Grantor's responsibility. All taxes, including but not limited to excise tax, severance tax, ad valorem tax and any other local, state and federal tax (except income tax or assessments) attributable to the interests conveyed herein or any part thereof on and after the Effective Date, shall be Grantee's responsibility.

Every provision of this conveyance is intended to be severable. If any term or provision hereof is illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect the validity of the remainder of this conveyance. This conveyance shall be governed by and construed in accordance with the laws of the state wherein the property is located. The provisions hereof run with the herein above described land and inure to the benefit of and bind the respective successors and assigns of the parties.

TO HAVE AND TO HOLD the hereinabove described property and rights, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantee herein, and Grantee's successors, heirs, executors, administrators and assigns forever.

EXECUTED as of the _12th_ day of October, 2011, but made effective for all purposes September 1, 2011 (herein called "Effective Date").

_____
Gregory L. Atwater, Bankruptcy Trustee _In re_
_Robert A. Nethery and Jenette E. Nethery,_ Case
No. 3:10-bk-02113-JAF

STATE OF _Florida_

COUNTY OF _Clay_

Before me, the undersigned Notary Public in and for the State of _Florida_, on this day personally appeared **Gregory L. Atwater, Bankruptcy Trustee** _In re Robert A. Nethery and Jenette E. Nethery,_ **Case No. 3:10-bk-02113-JAF**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _12th_ day of _October_, 2011.

_Novena L. Grills_
Notary Public, in and for the State of _Florida_
Print name: _Novena L. Grills_
My commission expires: _May 6, 2014_



NOVENA L. GRILLS
MY COMMISSION EXPIRES
MAY 6, 2014
EE0 050782A
Bonded thru
Troy Fain Insurance
NOTARY PUBLIC, STATE OF FLORIDA

## EXHIBIT "A"

Attached to and made part of that certain Mineral, Royalty and Overriding Royalty Conveyance, State of Montana, County of Carbon, by and between Gregory L. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery,* Case No. 3:10-bk-02113-JAF ("Grantor") and Legacy Royalties, Ltd., a Texas Limited Partnership ("Grantee")and made effective September 1, 2011.

### CARBON COUNTY, MONTANA

All of Section 36, Township 58 North, Range 100 West

ALL LANDS SITUATED ALL OR IN PART IN CARBON COUNTY, MONTANA, WHETHER OR NOT DESCRIBED HEREIN.

Document prepared by:
Legacy Royalties
P.O. Box 1360
Tyler, TX 75710-1360

After recording return to:
Legacy Royalties
P.O. Box 1360
Tyler, TX 75710-1360

# MINERAL, ROYALTY AND OVERRIDING ROYALTY CONVEYANCE

THE STATE OF MONTANA        §

                                          KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF CARBON        §

       Gregory L. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery*, Case No. 3:10-bk-02113-JAF (hereinafter called "Grantor") for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, does hereby grant, bargain, sell, assign and convey unto Legacy Royalties, Ltd., a Texas Limited Partnership, P.O. Box 1360, Tyler, Texas 75710-1360 (hereinafter called "Grantee"), and Grantee's successors and assigns, forever, all of Grantor's right, title and interest, in and to ALL OF THE OIL, GAS AND OTHER MINERALS AND ALL OF THE ROYALTIES AND OVERRIDING ROYALTIES, EXCLUDING ANY AND ALL WORKING INTERESTS, in and under and that may be produced and mined, that Grantor owns in the following property, to wit:

       As per Exhibit "A" attached hereto and made a part hereof

       By this conveyance, Grantee is also conveyed the right of ingress and egress, at all times, for the purposes of mining, drilling, exploring, operating and developing the hereinabove described lands and lands pooled therewith for oil, gas and other minerals and removing same therefrom.

       This conveyance is made subject to any and all rights now existing in favor of any Lessee or its assigns under any valid and subsisting oil and gas lease covering the hereinabove described lands now appearing of record in the county where the hereinabove described lands or any part thereof are located and to any other covenants, easements, encumbrances or any other matters of record in the county where the land is located, if any, none of which is reimposed by this reference. It is understood that the Grantee shall have, receive and enjoy the Grantor's interest in all bonus, rents, royalties, overriding royalties and other benefits which may accrue from and after the Effective Date, as if Grantee had been, at the date of making any current valid and subsisting lease, the owner of a similar interest in the hereinabove described lands.

       Grantor also authorizes and directs all persons responsible for paying and/or delivering any and all disbursements related to the hereinabove described lands subject to this conveyance to commence paying and/or delivering same to the Grantee in accordance with this conveyance. Grantor makes the conveyance without any representations or warranties.

       Grantor and Grantee agree to take all further actions and execute, acknowledge and deliver all further documents that are necessary or useful in carrying out the purposes of this Conveyance, including but not limited to all other additional instruments, notices, division orders and other documents, and to do all other and further acts and things as may be necessary to more fully and effectively grant, assign and convey the properties and interest in properties assigned to Grantee by this Conveyance.

All taxes, including but not limited to excise tax, severance tax, ad valorem tax, and any other local, state and federal tax (except income tax or assessments) attributable to the interests conveyed herein or any part thereof prior to the Effective Date shall remain Grantor's responsibility. All taxes, including but not limited to excise tax, severance tax, ad valorem tax, and any other local, state and federal tax (except income tax or assessments) attributable to the interests conveyed herein or any part thereof on and after the Effective Date, shall be Grantee's responsibility.

Every provision of this conveyance is intended to be severable. If any term or provision hereof is illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect the validity of the remainder of this conveyance. This conveyance shall be governed by and construed in accordance with the laws of the state wherein the property is located. The provisions hereof run with the herein above described land and inure to the benefit of and bind the respective successors and assigns of the parties.

TO HAVE AND TO HOLD the hereinabove described property and rights, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantee herein, and Grantee's successors, heirs, executors, administrators and assigns forever.

EXECUTED as of the _12th_ day of October, 2011, but made effective for all purposes September 1, 2011 (herein called "Effective Date").

_____
Gregory L. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery*, Case No. 3:10-bk-02113-JAF

STATE OF _Florida_

COUNTY OF _Clay_

Before me, the undersigned Notary Public in and for the State of _Florida_, on this day personally appeared **Gregory L. Atwater, Bankruptcy Trustee** *In re Robert A. Nethery and Jenette E. Nethery*, Case No. 3:10-bk-02113-JAF, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _12th_ day of _October_, 2011.

_Novena L. Grills_
Notary Public, in and for the State of _Florida_
Print name: _Novena L. Grills_
My commission expires: _May 6, 2014_

NOVENA L. GRILLS
MY COMMISSION EXPIRES
May 6, 2014
NOTARY PUBLIC
STATE OF FLORIDA

# EXHIBIT "A"

Attached to and made part of that certain Mineral, Royalty and Overriding Royalty Conveyance, State of Montana, County of Carbon, by and between Gregory L. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery*, Case No. 3:10-bk-02113-JAF ("Grantor") and Legacy Royalties, Ltd., a Texas Limited Partnership ("Grantee")and made effective September 1, 2011.

## CARBON COUNTY, MONTANA

All of Section 36, Township 58 North, Range 100 West

ALL LANDS SITUATED ALL OR IN PART IN CARBON COUNTY, MONTANA, WHETHER OR NOT DESCRIBED HEREIN.

Document prepared by:
Legacy Royalties
P.O. Box 1360
Tyler, TX 75710-1360

After recording return to:
Legacy Royalties
P.O. Box 1360
Tyler, TX 75710-1360

## <u>MINERAL, ROYALTY AND OVERRIDING ROYALTY CONVEYANCE</u>

THE STATE OF WYOMING          §

                                                         KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF PARK                    §

     Gregory L. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery,* Case No. 3:10-bk-02113-JAF (hereinafter called "Grantor") for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, does hereby grant, bargain, sell, assign and convey unto Legacy Royalties, Ltd., a Texas Limited Partnership, P.O. Box 1360, Tyler, Texas 75710-1360 (hereinafter called "Grantee"), and Grantee's successors and assigns, forever, all of Grantor's right, title and interest, in and to ALL OF THE OIL, GAS AND OTHER MINERALS AND ALL OF THE ROYALTIES AND OVERRIDING ROYALTIES, EXCLUDING ANY AND ALL WORKING INTERESTS, in and under and that may be produced and mined, that Grantor owns in the following property, to wit:

    As per Exhibit "A" attached hereto and made a part hereof

    By this conveyance, Grantee is also conveyed the right of ingress and egress, at all times, for the purposes of mining, drilling, exploring, operating and developing the hereinabove described lands and lands pooled therewith for oil, gas and other minerals and removing same therefrom.

    This conveyance is made subject to any and all rights now existing in favor of any Lessee or its assigns under any valid and subsisting oil and gas lease covering the hereinabove described lands now appearing of record in the county where the hereinabove described lands or any part thereof are located and to any other covenants, easements, encumbrances or any other matters of record in the county where the land is located, if any, none of which is reimposed by this reference. It is understood that the Grantee shall have, receive and enjoy the Grantor's interest in all bonus, rents, royalties, overriding royalties and other benefits which may accrue from and after the Effective Date, as if Grantee had been, at the date of making any current valid and subsisting lease, the owner of a similar interest in the hereinabove described lands.

    Grantor also authorizes and directs all persons responsible for paying and/or delivering any and all disbursements related to the hereinabove described lands subject to this conveyance to commence paying and/or delivering same to the Grantee in accordance with this conveyance. Grantor makes the conveyance without any representations or warranties.

    Grantor and Grantee agree to take all further actions and execute, acknowledge and deliver all further documents that are necessary or useful in carrying out the purposes of this Conveyance, including but not limited to all other additional instruments, notices, division orders and other documents, and to do all other and further acts and things as may be necessary to more fully and effectively grant, assign and convey the properties and interest in properties assigned to Grantee by this Conveyance.

All taxes, including but not limited to excise tax, severance tax, ad valorem tax, and any other local, state and federal tax (except income tax or assessments) attributable to the interests conveyed herein or any part thereof prior to the Effective Date shall remain Grantor's responsibility. All taxes, including but not limited to excise tax, severance tax, ad valorem tax, and any other local, state and federal tax (except income tax or assessments) attributable to the interests conveyed herein or any part thereof on and after the Effective Date, shall be Grantee's responsibility.

Every provision of this conveyance is intended to be severable. If any term or provision hereof is illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect the validity of the remainder of this conveyance. This conveyance shall be governed by and construed in accordance with the laws of the state wherein the property is located. The provisions hereof run with the herein above described land and inure to the benefit of and bind the respective successors and assigns of the parties.

TO HAVE AND TO HOLD the hereinabove described property and rights, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantee herein, and Grantee's successors, heirs, executors, administrators and assigns forever.

EXECUTED as of the _12th_ day of October, 2011, but made effective for all purposes September 1, 2011 (herein called "Effective Date").

_Gregory L. Atwater, Bankruptcy Trustee In re Robert A. Nethery and Jenette E. Nethery, Case No. 3:10-bk-02113-JAF_

STATE OF _Florida_

COUNTY OF _Clay_

Before me, the undersigned Notary Public in and for the State of _Florida_, on this day personally appeared **Gregory L. Atwater, Bankruptcy Trustee In re Robert A. Nethery and Jenette E. Nethery, Case No. 3:10-bk-02113-JAF**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _12th_ day of _October_, 2011.

Notary Public, in and for the State of _Florida_
Print name: _NOVENA L. GRILLS_
My commission expires: _May 6, 2014_

## EXHIBIT "A"

Attached to and made part of that certain Mineral, Royalty and Overriding Royalty Conveyance, State of Wyoming, County of Park, by and between **Gregory L. Atwater, Bankruptcy Trustee** *In re Robert A. Nethery and Jenette E. Nethery,* Case No. 3:10-bk-02113-JAF ("Grantor") and **Legacy Royalties, Ltd.,** a Texas Limited Partnership ("Grantee")and made effective September 1, 2011.

## PARK COUNTY, WYOMING

All of Section 36, Township 58 North, Range 100 West

ALL LANDS SITUATED ALL OR IN PART IN PARK COUNTY, WYOMING, WHETHER OR NOT DESCRIBED HEREIN.

Document prepared by:
Legacy Royalties
P.O. Box 1360
Tyler, TX 75710-1360

After recording return to:
Legacy Royalties
P.O. Box 1360
Tyler, TX 75710-1360

## MINERAL, ROYALTY AND OVERRIDING ROYALTY CONVEYANCE

| | |
|---|---|
| THE STATE OF WYOMING § | |
| | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF PARK § | |

    Gregory L. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery*, Case No. 3:10-bk-02113-JAF (hereinafter called "Grantor") for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, does hereby grant, bargain, sell, assign and convey unto Legacy Royalties, Ltd., a Texas Limited Partnership, P.O. Box 1360, Tyler, Texas 75710-1360 (hereinafter called "Grantee"), and Grantee's successors and assigns, forever, all of Grantor's right, title and interest, in and to ALL OF THE OIL, GAS AND OTHER MINERALS AND ALL OF THE ROYALTIES AND OVERRIDING ROYALTIES, EXCLUDING ANY AND ALL WORKING INTERESTS, in and under and that may be produced and mined, that Grantor owns in the following property, to wit:

    As per Exhibit "A" attached hereto and made a part hereof

    By this conveyance, Grantee is also conveyed the right of ingress and egress, at all times, for the purposes of mining, drilling, exploring, operating and developing the hereinabove described lands and lands pooled therewith for oil, gas and other minerals and removing same therefrom.

    This conveyance is made subject to any and all rights now existing in favor of any Lessee or its assigns under any valid and subsisting oil and gas lease covering the hereinabove described lands now appearing of record in the county where the hereinabove described lands or any part thereof are located and to any other covenants, easements, encumbrances or any other matters of record in the county where the land is located, if any, none of which is reimposed by this reference. It is understood that the Grantee shall have, receive and enjoy the Grantor's interest in all bonus, rents, royalties, overriding royalties and other benefits which may accrue from and after the Effective Date, as if Grantee had been, at the date of making any current valid and subsisting lease, the owner of a similar interest in the hereinabove described lands.

    Grantor also authorizes and directs all persons responsible for paying and/or delivering any and all disbursements related to the hereinabove described lands subject to this conveyance to commence paying and/or delivering same to the Grantee in accordance with this conveyance. Grantor makes the conveyance without any representations or warranties.

    Grantor and Grantee agree to take all further actions and execute, acknowledge and deliver all further documents that are necessary or useful in carrying out the purposes of this Conveyance, including but not limited to all other additional instruments, notices, division orders and other documents, and to do all other and further acts and things as may be necessary to more fully and effectively grant, assign and convey the properties and interest in properties assigned to Grantee by this Conveyance.

All taxes, including but not limited to excise tax, severance tax, ad valorem tax, and any other local, state and federal tax (except income tax or assessments) attributable to the interests conveyed herein or any part thereof prior to the Effective Date shall remain Grantor's responsibility. All taxes, including but not limited to excise tax, severance tax, ad valorem tax, and any other local, state and federal tax (except income tax or assessments) attributable to the interests conveyed herein or any part thereof on and after the Effective Date, shall be Grantee's responsibility.

Every provision of this conveyance is intended to be severable. If any term or provision hereof is illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect the validity of the remainder of this conveyance. This conveyance shall be governed by and construed in accordance with the laws of the state wherein the property is located. The provisions hereof run with the herein above described land and inure to the benefit of and bind the respective successors and assigns of the parties.

TO HAVE AND TO HOLD the hereinabove described property and rights, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantee herein, and Grantee's successors, heirs, executors, administrators and assigns forever.

EXECUTED as of the _12th_ day of October, 2011, but made effective for all purposes September 1, 2011 (herein called "Effective Date").

_____
Gregory L. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery,* Case No. 3:10-bk-02113-JAF

STATE OF _Florida_

COUNTY OF _Clay_

Before me, the undersigned Notary Public in and for the State of _Florida_, on this day personally appeared **Gregory L. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery,* Case No. 3:10-bk-02113-JAF**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _12th_ day of _October_, 2011.

_Novena L. Grills_
Notary Public, in and for the State of _Florida_
Print name: _NOVENA L. GRILLS_
My commission expires: _May 6, 2014_

Attached to and made part of that certain Mineral, Royalty and Overriding Royalty Conveyance, State of Wyoming, County of Park, by and between **Gregory L. Atwater, Bankruptcy Trustee** *In re Robert A. Nethery and Jenette E. Nethery,* Case No. 3:10-bk-02113-JAF ("Grantor") and **Legacy Royalties, Ltd., a Texas Limited Partnership** ("Grantee") and made effective September 1, 2011.

## PARK COUNTY, WYOMING

All of Section 36, Township 58 North, Range 100 West

ALL LANDS SITUATED ALL OR IN PART IN PARK COUNTY, WYOMING, WHETHER OR NOT DESCRIBED HEREIN.

Document prepared by:
Legacy Royalties
P.O. Box 1360
Tyler, TX 75710-1360

After recording return to:
Legacy Royalties
P.O. Box 1360
Tyler, TX 75710-1360

# MINERAL, ROYALTY AND OVERRIDING ROYALTY CONVEYANCE

| | |
|---|---|
| THE STATE OF WYOMING §| |
| | KNOW ALL MEN BY THESE PRESENTS |
| COUNTY OF PARK §| |

Gregory L. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery*, Case No. 3:10-bk-02113-JAF (hereinafter called "Grantor") for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, does hereby grant, bargain, sell, assign and convey unto Legacy Royalties, Ltd., a Texas Limited Partnership, P.O. Box 1360, Tyler, Texas 75710-1360 (hereinafter called "Grantee"), and Grantee's successors and assigns, forever, all of Grantor's right, title and interest, in and to ALL OF THE OIL, GAS AND OTHER MINERALS AND ALL OF THE ROYALTIES AND OVERRIDING ROYALTIES, EXCLUDING ANY AND ALL WORKING INTERESTS, in and under and that may be produced and mined, that Grantor owns in the following property, to wit:

As per Exhibit "A" attached hereto and made a part hereof

By this conveyance, Grantee is also conveyed the right of ingress and egress, at all times, for the purposes of mining, drilling, exploring, operating and developing the hereinabove described lands and lands pooled therewith for oil, gas and other minerals and removing same therefrom.

This conveyance is made subject to any and all rights now existing in favor of any Lessee or its assigns under any valid and subsisting oil and gas lease covering the hereinabove described lands now appearing of record in the county where the hereinabove described lands or any part thereof are located and to any other covenants, easements, encumbrances or any other matters of record in the county where the land is located, if any, none of which is reimposed by this reference. It is understood that the Grantee shall have, receive and enjoy the Grantor's interest in all bonus, rents, royalties, overriding royalties and other benefits which may accrue from and after the Effective Date, as if Grantee had been, at the date of making any current valid and subsisting lease, the owner of a similar interest in the hereinabove described lands.

Grantor also authorizes and directs all persons responsible for paying and/or delivering any and all disbursements related to the hereinabove described lands subject to this conveyance to commence paying and/or delivering same to the Grantee in accordance with this conveyance. Grantor makes the conveyance without any representations or warranties.

Grantor and Grantee agree to take all further actions and execute, acknowledge and deliver all further documents that are necessary or useful in carrying out the purposes of this Conveyance, including but not limited to all other additional instruments, notices, division orders and other documents, and to do all other and further acts and things as may be necessary to more fully and effectively grant, assign and convey the properties and interest in properties assigned to Grantee by this Conveyance.

All taxes, including but not limited to excise tax, severance tax, ad valorem tax, and any other local, state and federal tax (except income tax or assessments) attributable to the interests conveyed herein or any part thereof prior to the Effective Date shall remain Grantor's responsibility. All taxes, including but not limited to excise tax, severance tax, ad valorem tax, and any other local, state and federal tax (except income tax or assessments) attributable to the interests conveyed herein or any part thereof on and after the Effective Date, shall be Grantee's responsibility.

Every provision of this conveyance is intended to be severable. If any term or provision hereof is illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect the validity of the remainder of this conveyance. This conveyance shall be governed by and construed in accordance with the laws of the state wherein the property is located. The provisions hereof run with the herein above described land and inure to the benefit of and bind the respective successors and assigns of the parties.

TO HAVE AND TO HOLD the hereinabove described property and rights, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantee herein, and Grantee's successors, heirs, executors, administrators and assigns forever.

EXECUTED as of the _12th_ day of October, 2011, but made effective for all purposes September 1, 2011 (herein called "Effective Date").

_____
Gregory L. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery*, Case No. 3:10-bk-02113-JAF

STATE OF _Florida_

COUNTY OF _Clay_

Before me, the undersigned Notary Public in and for the State of _Florida_, on this day personally appeared **Gregory L. Atwater, Bankruptcy Trustee *In re Robert A. Nethery and Jenette E. Nethery*, Case No. 3:10-bk-02113-JAF,** known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _12th_ day of _October_, 2011.

_Novena L. Grills_
Notary Public, in and for the State of _Florida_
Print name: _NOVENA L. GRILLS_
My commission expires: _May 6, 2014_

# EXHIBIT "A"

Attached to and made part of that certain Mineral, Royalty and Overriding Royalty Conveyance, State of Wyoming, County of Park, by and between Gregory L. Atwater, **Bankruptcy Trustee** *In re Robert A. Nethery and Jenette E. Nethery,* Case No. 3:10-bk-02113-JAF ("Grantor") and Legacy Royalties, Ltd., a Texas Limited Partnership ("Grantee")and made effective September 1, 2011.

## PARK COUNTY, WYOMING

All of Section 36, Township 58 North, Range 100 West

ALL LANDS SITUATED ALL OR IN PART IN PARK COUNTY, WYOMING, WHETHER OR NOT DESCRIBED HEREIN.

Document prepared by:
Legacy Royalties
P.O. Box 1360
Tyler, TX 75710-1360

After recording return to:
Legacy Royalties
P.O. Box 1360
Tyler, TX 75710-1360